# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**DANIEL KANDLER,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2022-2206

[December 6, 2023]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Kirk C. Volker and Scott Suskauer, Judges; L.T. Case No. 50-2017-CF-001850-AXXX-MB.

Patrick Wilson of Patrick Wilson Law, PLLC, Miami, and Matthew Goldberger of The Goldberger Firm, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Lindsay A. Warner, Senior Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

After a jury returned a guilty verdict on 48 counts of patient brokering, and before a judgment of conviction was entered, the appellant withdrew his previously entered plea of not guilty and entered a plea of guilty to the charges for which he was found guilty and to charges in two cases that had not gone to trial. Pursuant to a plea agreement, he received a downward departure sentence of 48 months' imprisonment on the case that went to trial, and 24 months' imprisonment on the other cases, all sentences to run concurrently. The trial court expressly sentenced the appellant pursuant to the plea agreement: "I . . . sentence you according to all the terms that are specifically set out in your . . . plea agreement. In particular, it's a sentence of 48 months in the Department of Corrections . . . [T]he court adopts the – it sentences you to the terms that are specifically outlined in that plea [agreement]." The parties agreed the appellant could appeal in the case that went to trial.

The issues raised by the appellant in his initial brief relate to trial error, none of which involve a dispositive issue reserved for appeal.

Consequently, we summarily affirm. *See* § 924.06(3), Fla. Stat. (2022) (providing that "[a] defendant who pleads guilty with no express reservation of the right to appeal a legally dispositive issue . . . shall have no right to a direct appeal"); Fla. R. App. P. 9.315(a) (providing that "[a]fter service of the initial brief in appeals under rule . . . 9.140 . . . the court may summarily affirm the order to be reviewed if the court finds that no preliminary basis for reversal has been demonstrated"); *Leonard v. State*, 760 So. 2d 114, 119 (Fla. 2000) (holding that summary affirmance pursuant to rule 9.315(a) is appropriate "when the court determines that an appeal does not present: (1) a legally dispositive issue that was expressly reserved for appellate review pursuant to section 924.051(4)").

Our summary affirmance is without prejudice to the appellant to seek any postconviction relief to which he may be entitled. We do not comment on the merits of any such request for relief.

*Summarily affirmed.*

Ciklin and Kuntz, JJ., concur.
Warner, J., dissents with opinion.

Warner, J., dissenting.

I dissent. After a jury trial, as the majority notes, the State and appellant entered into negotiations to resolve the sentence in this case, as well as other pending cases against him. Appellant agreed to a global resolution where he would plead guilty in all three cases and receive a sentence of forty-eight months to be served concurrently, for all cases, including the one appealed in this case. A condition of the agreement was that appellant reserved his right to appeal issues from the jury trial in this case. The trial court accepted the plea agreement.

The trial court entered a judgment on the jury verdict as well as a judgment on the plea. On appeal, this court asked the parties whether this case should be affirmed because no appealable issues remained after the appellant entered a plea in this case (as all the issues involved trial issues). Both appellant and the State asked this court to relinquish jurisdiction to correct the record to reflect the intent of both parties and the trial court in accepting the pleas. Procedurally, it is apparent that appellant cannot both enter a plea of guilty and appeal issues from the jury trial, but that is not what the parties intended. By relinquishing our jurisdiction, the parties could agree to the withdrawal of the plea of guilty in this case only and vacate the judgment by plea, thus allowing the appeal from the judgment after jury verdict.

2

The majority's resolution simply creates more work for the trial court, the State, and the appellant to reflect what all agree was the intent of the parties. I would not reverse but would relinquish jurisdiction for the parties to correct the record and then allow the appeal on the merits of the issues all parties agree appellant was entitled to raise.

\*　　　\*　　　\*

*Not final until disposition of timely filed motion for rehearing.*